UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GERALD L. CAMPBELL,                    )
                                       )
          Petitioner,                  )
                                       )
v.                                     )          No.:     1:16-CV-478-HSM
                                       )
UNITED STATES OF AMERICA,              )
                                       )
          Respondent.                  )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Gerald L. Campbell's motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the United States' motion to deny and

dismiss same. Having considered the pleadings and the record, along with the relevant law, the

Court finds that it is unnecessary to hold an evidentiary hearing[1] in this matter. The United States'

motion to deny the petition and dismiss this action will be granted.

## I.     RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

In 1995, Gerald Campbell was convicted of possessing with intent to distribute crack

cocaine in violation of 21 U.S.C. § 841(a)(1)(C), using and carrying a firearm during and in relation

to a drug-trafficking crime in violation of 18 U.S.C. § 924(c), and possessing a firearm as a felon

in violation of 18 U.S.C. § 922(g) [*See, e.g.*, Doc. 119 in No. 1:93-CR-19]. His United States

Sentencing Guidelines ("Guideline(s)") range was 210 to 262 months' imprisonment for the drug

offense, followed by a consecutive mandatory minimum sentence of 60 months' imprisonment for

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record
conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the
prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See
Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record
conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo
v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

the § 924(c) offense, which resulted in a Guideline range of 270 to 322 months [*Id*.]. Campbell's Guideline range was based, in part, on his career-offender classification under Guideline § 4B1.2 for his prior Tennessee convictions for robbery and aggravated assault [*See* Doc. 140 in 1:93-CR-19]. Campbell was sentenced to 300 months' imprisonment [*Id*.]. His conviction and sentence were affirmed on appeal [Doc. 73 in No. 1:93-CR-19]. *See United States v. Campbell*, No. 95-5191, 1995 WL 699614, at *1 (6th Cir. Nov. 27, 1995).

Subsequently, Campbell filed an unsuccessful motion to reduce his sentence under 18 U.S.C. § 3582 [Docs. 84, Doc. 101, and 103], and a § 2255 motion that was denied as time-barred [Doc. 105, 110, and 111].

In 2016, Campbell sought and obtained authorization from the Sixth Circuit to file a successive § 2255 motion to contest the propriety of his career-offender classification in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563 [Doc. 140 in 1:93-CR-19]. The Sixth Circuit also directed this Court to hold the motion in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), regarding whether *Johnson* applied to the Guidelines and applied retroactively on collateral review [*Id*.].

On March 6, 2017, the Supreme Court handed down its decision in *Beckles*, holding that the advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 895. Based on *Beckles*, the United States filed a motion to deny Campbell' § 2255 motion and dismiss this action with prejudice [Doc. 3].

## II.    LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed

errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional

magnitude, or those containing factual or legal errors "so fundamental as to render the entire

proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted);

*see also* 28 U.S.C. § 2255(a).

## III.  DISCUSSION

Campbell claims that his career-offender enhancement was necessarily based upon

Guideline § 4B1.2's residual clause, which *Johnson* invalidated.  However, the Supreme Court has

explicitly held that the Guidelines are not subject to vagueness challenges, and that § 4B1.2's

residual clause is not void for vagueness.  *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

Therefore, *Beckles* conclusively forecloses Campbell' claim that the Guidelines provision

considered in his sentencing is unconstitutionally vague.[2]  Accordingly, *Johnson*'s reasoning does

not invalidate Campbell's career-offender classification, and Campbell has failed to state a claim

upon which relief may be granted under 28 U.S.C. § 2255.

## IV.  CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."  Rule 11 of the Rules Governing

Section 2255 Proceedings for the United States District Courts.  Campbell must obtain a COA

before he may appeal the denial of his § 2255 motion.  28 U.S.C. § 2253(c)(1)(B).  A COA will

---

[2] The Court notes that Campbell was sentenced pre-*Booker*, under the mandatory Guidelines.  *See United States v. Booker*, 543 U.S. 220, 245 (2005) (rendering Guidelines advisory).  Regardless, the Court notes that the Sixth Circuit has determined that *Johnson* did not recognize a "right not to be sentenced as [a] career offender[] under the residual clause of the mandatory Sentencing Guidelines."  *Raybon v. United States*, 867 F.3d 625, 631 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2661 (2018); *see also Chambers v. United States*, No. 18-3298, 2019 WL 852295, at *1 (6th Cir. Feb. 21, 2019) ("*Johnson*'s holding does not extend to those sentenced under the Guidelines' residual clause in the pre-*Booker* era.").

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.    CONCLUSION

Campbell has failed to establish any basis upon which § 2255 relief could be granted. Therefore, the United States' motion to deny Campbell' § 2255 motion and dismiss this action [Doc. 3] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. A COA from the denial of this § 2255 motion will be **DENIED**. The United States' motion to defer ruling [Doc. 2] will be **DENIED AS MOOT**.

**An appropriate Judgment Order will enter.**

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE